UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:26-CV-20654

NIKKI CHICHI GODWIN,

    Plaintiff,

vs.

MORTGAGE CALCULATOR
COMPANY LLC and
NICHOLAS HIERSCHE,

    Defendants.
_____/

## COMPLAINT

Plaintiff, Nikki Chichi Godwin, sues Defendants, Mortgage Calculator Company LLC and Nicholas Hiersche, as follows:

### *Parties, Jurisdiction, and Venue*

1. **Plaintiff, Nikki Chichi Godwin**, is over 18 years old and has been a *sui juris* resident of Aurora, Colorado, at all times material.

2. Plaintiff worked as a "Loan Officer" for Defendants from approximately February 28, 2024, to June 17, 2024.

3. To the extent that records exist regarding the exact dates of Plaintiff's employment, they are believed to be in the exclusive custody of Defendants.

4. **Defendant, Mortgage Calculator Company LLC**, is a *sui juris* Florida for-profit limited liability company that was authorized to conduct and conducted its for-profit business in Miami-Dade County, Florida, at all times material, where it maintains its principal place of business.

5. **Defendant, Nicholas Hiersche**, an owner/officer/director/manager of the corporate

1

Defendant for the time period relevant to this lawsuit. He is a resident of Broward County, Florida, ran the corporate Defendant's day-to-day operations, and was responsible for all operational decisions and/or paying (or not paying) Plaintiff's wages.

6. This Court has original jurisdiction over Plaintiff's federal question claims pursuant to 28 U.S.C. §1331, 26 U.S.C. §201, *et seq.*, and pendent/supplemental jurisdiction over Plaintiff's related state law claims.

7. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, because Defendants maintained their principal places of business in this District, because most if not all of Defendants' operational decisions were made in this District, and because Plaintiff's employment agreement with Defendants provides that the state and federal courts in and for Miami-Dade County, Florida shall have exclusive jurisdiction over all actions arising from the agreement.

8. Any/all condition(s) precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

9. Although not required, Plaintiff attempted to resolve this matter with the Defendants, but to no avail.

10. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

### COUNT I – FLSA MINIMUM WAGE VIOLATION(S)
### (Against All Defendants)

Plaintiff, Nikki Chichi Godwin, reincorporates and re-alleges all preceding paragraphs as though set forth fully herein and further alleges as follows:

*Common FLSA Allegations*

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

11. Plaintiff was an employee of Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

12. Plaintiff was a non-exempt employee of Defendants.

13. Plaintiff consents to participate in this lawsuit.

14. Plaintiff's job duties involved speaking with customers/potential mortgage applicants outside the State of Florida, filling out their application, requesting documents for their approval, determining customers' eligibility for loans, issuing approval for mortgages, submitting loans to underwriting, and refinancing loans—all of which she performed working remotely in Colorado.

15. Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while she worked for Defendants that the Fair Labor Standards Act applies to Plaintiff's work considering that she resided and worked from Colorado for this Florida company.

16. Defendants agreed to pay Plaintiff commissions based on the mortgages she closed, although Defendants failed to actually issue her any commission(s).

17. Defendants were Plaintiff's direct employers, joint employers, and co-employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203(d).

18. Defendants own and operate a mortgage brokerage company by marketing and providing their mortgage brokerage services throughout the United States.

19. Defendants regularly employed two or more employees for the relevant time period that handled goods or materials that traveled through interstate commerce or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered by the Fair Labor Standards Act.

20. Defendants have been, at all times material, an enterprise engaged in interstate commerce in the course of their marketing, sales, promotion, brokerage, and transacting of mortgage

3

lending which, traditionally, cannot be performed without using goods, materials, supplies, and equipment that have all moved through interstate commerce.

21. Defendants communicate with their workers and with others by regularly and routinely using telephones and transmitting information through email and the Internet, and which transmissions regularly and routinely traveled outside of the State of Florida.

22. Defendants also engage in e-commerce through the internet on their website, https://www.mortgagecalculator.org/, which they registered through Domains By Proxy, LLC (a foreign corporation).

23. Defendants engage in interstate commerce in the course of their regular and routine practice of brokering residential mortgages of properties outside the State of Florida involving lenders, buyers, agents, sellers, and vendors who are located outside of the State of Florida, including through employees acting as mortgage brokers and loan officers residing in different States, resulting in the regular and routine exchange of electronic funds transactions across different states.

24. Defendants' corporate annual gross revenues derived from this interstate commerce are believed to exceed $500,000.00 for the relevant time period and/or $125,000.00 for each relevant fiscal quarter.

25. Defendants failed to pay Plaintiff at least the applicable federal minimum wage for the hours she worked for them between February 28, 2024, and June 17, 2024, by not paying her at all for the hours she worked during this time.

26. As a direct and proximate result of Defendants' failure to pay Plaintiff at least the minimum wage required by the FLSA for each hour she worked, Plaintiff suffered damages equal to the federal minimum wages that she earned but did not receive, and an equal amount as liquidated damages.

4

27. Plaintiff is entitled to a backpay award of the federal minimum wages for all unpaid/underpaid hours worked for Defendants between February 28, 2024, and June 17, 2024, plus an equal amount as liquidated damages, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Nikki Chichi Godwin, demands the entry of a judgment in her favor and against Defendants, Mortgage Calculator Company LLC and Nicholas Hiersche, jointly and severally, after trial by jury and as follows:

    a. That Plaintiff recover compensatory minimum wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

    b. That Plaintiff recover pre-judgment interest on all unpaid minimum wages if the Court does not award liquidated damages;

    c. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

    d. That Defendants be Ordered to make Plaintiff whole by providing appropriate minimum wage pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief; and

    e. Such other and further relief as the Court deems just and proper.

## COUNT II - FLSA OVERTIME WAGE VIOLATION(S)
### (Against All Defendants)

Plaintiff, Nikki Chichi Godwin, reincorporates and re-alleges paragraphs 1 through 24 as though set forth fully herein and further alleges as follows:

28. Plaintiff regularly and routinely worked more than 40 hours in one or more workweeks for Defendants between February 28, 2024, and June 17, 2024.

29. Defendants failed and refused to pay Plaintiff overtime wages calculated at one and one-half times Plaintiff's regular hourly rate(s) of pay (of at least the applicable Colorado minimum wage of $14.42 per hour) for all the overtime hours she worked.

30. As a direct and proximate result of Defendants' violation(s) of the FLSA's overtime wage requirements, as set forth above, Plaintiff suffered damages equal to the overtime wages she earned but did not timely receive, and an equal amount as liquidated damages.

31. Plaintiff is entitled to a backpay award of the overtime wages she earned but did not receive, plus an equal amount as liquidated damages, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Nikki Chichi Godwin, demands the entry of a judgment in Plaintiff's favor and against Defendants, Mortgage Calculator Company LLC and Nicholas Hiersche, jointly and severally after trial by jury, and as follows:

   a. That Plaintiff recover compensatory overtime wage damages (of at least one and one-half times the applicable Colorado minimum wage) and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

   b. That Plaintiff recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

   c. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

   d. That Defendants be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief; and

   e. Such other and further relief as the Court deems just and proper.

<u>COUNT III – COLORADO WAGE CLAIM ACT VIOLATION(S)</u>
(C.R.S. § 8-4-101, *et seq.*, Against All Defendants)

Plaintiff, Nikki Chichi Godwin, reincorporates and re-alleges paragraphs 1 through 10 as though set forth fully herein and further alleges as follows:

32. The Colorado Wage Claim Act requires employers (of employees working in or residing in Colorado) to pay their employees all earned wages and compensation in a timely manner, including (no later than) the next regular payday following an employee's separation from employment. C.R.S. §§ 8-4-103(1)(a), 8-4-109(1)(b).

33. Plaintiff was an "employee" of Defendants, and Defendants were the "employers" of Plaintiff, as those terms are defined in the Colorado Wage Claim Act, C.R.S. § 8-4-101, *et seq.*

34. "Wages" under the Colorado Wage Claim Act include all amounts earned, vested, and determinable for labor or service performed by an employee, including commissions (such as those Plaintiff earned during her employment with Defendants). C.R.S. § 8-4-101(14)(a).

35. Plaintiff and Defendants agreed that in exchange for performing her duties as a "Loan Officer" for Defendants, they would pay her a commission according to a set commission schedule. (Exhibit "A").

36. Plaintiff originated a mortgage contract for Kwasi Fosu and Christina Mensah for the property located at 3847 S. Olathe Circle, Aurora, Colorado 80013, which subsequently closed, entitling her to a commission of approximately $12,404.20 according to the parties' commission agreement. (Exhibit "A").

37. Plaintiff should have received approximately $12,404.20 as her commission wages, based on the parties' agreement on the commission formula (Exhibit "A"), for at least one closed mortgage loan.

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

38. Defendants failed to pay Plaintiff any commission wage for the mortgage at issue either during or upon the termination of her employment, despite her satisfying all conditions imposed by Defendants to obtain a commission thereon.

39. Plaintiff, through counsel, sent Defendants written demands for her earned commission wages on July 31, 2024, and again on July 31, 2025.

40. Despite receiving these written demands, Defendants still failed and refused to pay Plaintiff the commission wages she earned within fourteen days after the demand or at any time thereafter, in violation of the Colorado Wage Claim Act.

41. Defendants willfully violated the Colorado Wage Claim Act by knowingly and intentionally failing to pay Plaintiff the commission wages she earned, including by misrepresenting to Plaintiff that such commissions were not owed and/or by engaging in a deliberate course of conduct designed to deprive Plaintiff of her earned commission wages, despite knowing or having reason to know that such wages were due and payable under Colorado law.

42. By failing to pay Plaintiff all wages and compensation due to her within the time required by law or within fourteen days of receipt of Plaintiff's written demand(s) for payment, Defendants have violated the Colorado Wage Claim Act, C.R.S. § 8-4-101 *et seq.*

43. As a direct result of Defendants' violation of the Colorado Wage Claim Act, Plaintiff has suffered lost wage damages of approximately $12,404.20.

44. Pursuant to C.R.S. § 8-4-109, Defendants are liable to Plaintiff for the $12,404.20 in commission wages she earned but was not paid, plus statutory penalty wages equal to the greater of two times the amount of unpaid wages ($24,808.40), or $37,212.60 upon a finding that Defendants' failure to pay Plaintiff the wages she earned was willful, plus her attorneys' fees and costs.

WHEREFORE Plaintiff, Nikki Chichi Godwin, demands the entry of a judgment in her

favor and against Defendants, Mortgage Calculator Company LLC and Nicholas Hiersche, jointly and severally, after trial by jury, for wages of $12,404.20, statutory penalties as provided by the Colorado Wage Claim Act, pre-judgment and post-judgment interest, reasonable attorneys' fees and costs, and such other and further relief as this Court deems just and proper.

### COUNT IV – COLORADO MINIMUM WAGE ACT VIOLATION(S)
*Failure to Pay Minimum Wages*
(C.R.S. § 8-6-101, *et seq.*; 7 C.C.R. 1103-1; Against All Defendants)

Plaintiff, Nikki Chichi Godwin, reincorporates and re-alleges paragraphs 1 through 10 as though set forth fully herein and further alleges as follows:

45. The Colorado Minimum Wage Act, C.R.S. § 8-6-101, *et seq.* ("CMWA") and the Colorado Overtime and Minimum Pay Standards Order, 7 C.C.R. 1103-1 ("COMPS Order") require employers to pay their employees at least the applicable Colorado minimum wage for each hour worked.

46. At all times material hereto, Plaintiff was a covered, non-exempt employee entitled to the protections of the CMWA, and Defendants were employers subject to the CMWA and its implementing regulations, including the COMPS Order.

47. The applicable Colorado minimum wage during Plaintiff's employment in 2024 was $14.42 per hour.

48. Plaintiff regularly worked for Defendants from approximately February 28, 2024, through June 17, 2024.

49. Defendants failed to compensate Plaintiff for any of the hours she worked during this period, such that Defendants failed to pay Plaintiff at least the applicable Colorado minimum wage of $14.42 for each hour she worked for them.

50. By failing to pay Plaintiff at least the applicable minimum wage for each hour worked between February 28, 2024, and June 17, 2024, Defendants violated the CMWA and the COMPS Order.

51. As a direct and proximate result of Defendants' failure to pay Plaintiff at least the minimum wage required by the CMWA and COMPS Order, Plaintiff has suffered lost minimum wage damages.

WHEREFORE Plaintiff, Nikki Chichi Godwin, demands judgment in her favor and against Defendants, Mortgage Calculator Company LLC and Nicholas Hiersche, jointly and severally, for all unpaid minimum wages due to her under the Colorado Minimum Wage Act and COMPS Order, plus pre-judgment and post-judgment interest, reasonable attorneys' fees and costs pursuant to C.R.S. § 8-6-118, and such other relief as the Court deems just and proper.

### COUNT V – COLORADO MINIMUM WAGE ACT VIOLATION(S)
*Failure to Pay Overtime Wages*
(C.R.S. § 8-6-101, *et seq.*; 7 C.C.R. 1103-1; Against All Defendants)

Plaintiff, Nikki Chichi Godwin, reincorporates and re-alleges paragraphs 1 through 10 and paragraphs 45 through 47 as though set forth fully herein and further alleges as follows:

52. The Colorado Minimum Wage Act and COMPS Order require employers to pay non-exempt employees overtime compensation at one and one-half times the employee's regular rate of pay, of at least the applicable Colorado minimum wage, for all hours worked in excess of:

   a. forty hours in a workweek,

   b. twelve hours in a workday, or

   c. twelve consecutive hours, whichever results in the greater compensation.

10

53. Plaintiff regularly and routinely worked more than forty (40) hours in one or more workweeks for Defendants.

54. Defendants failed to pay Plaintiff overtime compensation at one and one-half times her regular rate of pay, of at least the applicable Colorado minimum wage of $14.42 per hour, for all overtime hours worked, in violation of Colorado law.

55. As a direct and proximate result of Defendants' violations of the CMWA and COMPS Order, Plaintiff has suffered overtime wage damages.

WHEREFORE Plaintiff, Nikki Chichi Godwin, demands judgment in her favor and against Defendants, Mortgage Calculator Company LLC and Nicholas Hiersche, jointly and severally, for all unpaid overtime wages due, plus pre-judgment and post-judgment interest, reasonable attorneys' fees and costs pursuant to C.R.S. § 8-6-118, and such other relief as the Court deems just and proper.

## COUNT VI – CIVIL WAGE THEFT
### (C.R.S. §§ 18-4-401, 18-4-405, Against All Defendants)

Plaintiff, Nikki Chichi Godwin, reincorporates and re-alleges paragraphs 1 through 10 as though set forth fully herein and further alleges as follows:

56. Plaintiff performed substantial labor and services for Defendants during her employment.

57. Included in the wages Plaintiff earned is the approximate $12,404.20 she earned for originating the mortgage loan for Kwasi Fosu and Christina Mensah for the property located at 3847 S. Olathe Circle, Aurora, Colorado 80013

58. Colorado law provides that a person commits theft when he or she knowingly obtains, retains, or exercises control over anything of value belonging to another without authorization, or by

deception, and with the intent to permanently deprive the other person of the use or benefit of the thing of value. C.R.S. § 18-4-401(1).

59. Colorado law further provides that a person who commits theft is civilly liable to the owner of the stolen property and that the owner may recover three times the amount of actual damages sustained, together with costs of the action and reasonable attorney's fees. C.R.S. § 18-4-405.

60. Earned wages and compensation, including commissions, constitute "anything of value" and "property" within the meaning of C.R.S. § 18-4-401 once such wages are earned, vested, and payable to the employee.

61. An employer's knowing and intentional failure or refusal to pay earned wages for its own financial benefit constitute theft under Colorado law when accompanied by the intent to permanently deprive the employee of those wages.

62. Plaintiff's earned wages and compensation constituted property belonging to Plaintiff within the meaning of Colorado's civil theft statutes once earned by her.

63. Defendants knowingly obtained, retained, and exercised control over Plaintiff's wages without authorization and with the intent to permanently deprive Plaintiff of the benefit of her labor.

64. Defendants knowingly and intentionally failed to pay Plaintiff wages lawfully owed to her by not paying her any of the wages she earned, whether that be minimum wages, overtime wages, or earned commissions, despite her repeated formal and informal requests for payment.

65. Defendants' conduct was willful, wrongful, and undertaken for Defendants' own financial benefit.

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

66. Plaintiff made written demands for payment of her earned wages, yet Defendants continued to refuse payment.

67. Defendants' actions constitute theft under C.R.S. § 18-4-401 and give rise to a civil action pursuant to C.R.S. § 18-4-405.

68. As a direct and proximate result of Defendants' civil theft of her earned wages, Plaintiff has suffered damages.

WHEREFORE Plaintiff, Nikki Chichi Godwin, demands the entry of judgment in her favor and against Defendants, Mortgage Calculator Company LLC and Nicholas Hiersche, jointly and severally, for three times the amount of actual damages sustained as a result of Defendants' civil theft, together with the costs of this action, reasonable attorneys' fees pursuant to C.R.S. § 18-4-405, pre-judgment and post-judgment interest, and such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, Nikki Chichi Godwin, demands a trial by jury of all issues so triable.

Respectfully submitted this 30th day of January 2026,

s/Brian H. Pollock, Esq.
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Tel:    305.230.4884
*Counsel for Plaintiff*

13