UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:26-CV-20654-WILLIAMS/LETT

NIKKI CHICHI GODWIN,

    Plaintiff,

vs.

MORTGAGE CALCULATOR
COMPANY LLC and
NICHOLAS HIERSCHE,

    Defendants.
_____/

## **PLAINTIFF'S STATEMENT OF CLAIM**

Plaintiff, Nikki ChiChi Godwin, pursuant to this Court's Order of Referral and Notice of Court Practices and Procedures in FLSA Cases entered February 4, 2026 [ECF No. 6], files this Statement of Claim based on the information known to Plaintiff and estimates as follows:

### *Preliminary Statement*

This Statement of Claim is not to be construed as a demand, nor as an exact quantification of her damages, but merely as a case management tool required by the Court. *See Calderon v. Baker Concrete Const., Inc.*, 771 F.3d 807, 811 (11th Cir. 2014) ("That document is an extra-Rules practice used by the district court for its convenience and to aid in case management. It does not have the status of a pleading and it is not an amendment under Rule 15 of the Federal Rules of Civil Procedure.")

1

*Information Requested by the Court*

1. Plaintiff does not have all of the time, pay, and commission records from her (former) employment at this time, and so she must estimate the hours she worked, the pay she received for those hours, the commission to which she's entitled, and the corresponding wages due.

2. Plaintiff prepared this Statement of Claim with the assistance of counsel.

3. Plaintiff's Statement of Claim is based on the information currently known and/or available.

4. Plaintiff reserves the right to amend this Statement of Claim based on additional information provided by Defendants through discovery, and/or as additional/different information becomes known.

5. This Statement of Claim does not include any computation of damages other than those sought in the operative/pending Complaint, and is subject to revision through the course of discovery and/or the amendment of the Complaint.

**Estimate of Wages Owed**

6. Plaintiff estimates that she is owed **$26,273.00**, which is comprised of **$4,640.00** in **unpaid FLSA minimum wages**, **$9,228.80** in **unpaid Colorado minimum wages**, and **$12,404.20** in **unpaid commission**, calculated as follows:

A. FLSA Minimum Wages

7. Plaintiff seeks minimum wages under the Fair Labor Standards Act for hours worked between February 28, 2024, and June 17, 2024.

8. Plaintiff estimates that she is owed **$4,640.00** in **unpaid FLSA minimum wages**, as calculated below:

2

| Dates Worked | Weeks Worked | Hours Worked | Minimum Wage Rate | Minimum Wages Owed |
|---|---|---|---|---|
| 2/28/24 - 6/17/24 | 16 | 40/week | $7.25 | $4,640.00 |

9. Plaintiff also seeks liquidated damages equal to the above unpaid/underpaid minimum wages owed to her under the FLSA ($4,640.00), plus reasonable attorneys' fees and costs pursuant to 29 U.S.C.§ 216(b).

B. Colorado Minimum Wages

10. Plaintiff seeks minimum wages under Colorado Minimum Wage Act, C.R.S. § 8-6-101, *et seq.* ("CMWA"), and the Colorado Overtime and Minimum Pay Standards Order, 7 C.C.R. 1103-1 ("COMPS Order"), for hours worked between February 28, 2024, and June 17, 2024.

11. Plaintiff estimates that she is owed **$9,228.80** in **unpaid Colorado minimum wages**, as calculated below:

| Dates Worked | Weeks Worked | Hours Worked | Minimum Wage Rate | Minimum Wages Owed |
|---|---|---|---|---|
| 2/28/24 - 6/17/24 | 16 | 40/week | $14.42 | $9,228.80 |

12. Plaintiff also seeks pre-judgment and post-judgment interest on the above unpaid minimum wages owed to her under the CMWA and COMPS Order ($9,228.80), plus reasonable attorneys' fees and costs pursuant to C.R.S. § 8-6-118.

C. Unpaid Commission

13. Plaintiff estimates that she is owed unpaid commissions in the amount of **$12,404.20**, representing eighty percent (80%) of the total fee of $15,505.25 received by

3

Defendants in connection with the mortgage loan transaction originated by Plaintiff for the property located at 3847 S. Olathe Circle, Aurora, Colorado 80013.

14. Plaintiff also seeks the statutory penalty provided under C.R.S. § 8-4-109 (including up to two hundred percent (200%) of the unpaid amount for willful failure to pay), pre-judgment and post-judgment interest as permitted by law, and reasonable attorneys' fees and costs pursuant to C.R.S. § 8-4-110.

### Attorneys' Fees and Costs

15. As of the filing of this document, Plaintiff has incurred the following attorneys' fees and costs:

| | |
|---|---|
| Costs: | **$ 405.00** [1] |
| Attorneys' Fees: | **$10,930.50** [2] |
| Brian H. Pollock, Esq. ($635/hour × 1.6 hours) | **$1,016.00** |
| P. Brooks LaRou, Esq. ($450.00/hour × 20.1 hours) | **$9,045.00** |
| Steffany Sanguino ($185.00/hour × 4.7 hours) | **$ 869.50** |
| **Grand Total:** | **$11,335.50** |

The foregoing amounts are subject to increase commensurate with the expenditure of additional time, effort, and expense in this matter.

---

[1] Pending charges for service of process on Defendants.
[2] This total does not include the amount of any attorneys' charging lien asserted by Derek Smith Law Group, PLLC. The amount of such lien has not yet been disclosed and will be supplemented upon determination.

4

Respectfully submitted this 14th day of February 2026,

>s/ Patrick Brooks LaRou
>Brian H. Pollock, Esq. (174742)
>brian@fairlawattorney.com
>Patrick Brooks LaRou, Esq. (1039018)
>brooks@fairlawattorney.com
>FAIRLAW FIRM
>135 San Lorenzo Avenue, Suite 770
>Coral Gables, Florida 33146
>Telephone: (305) 230-4884
>*Counsel for Plaintiff*

5

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*