UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:26-CV-20654-WILLIAMS/LETT

NIKKI CHICHI GODWIN,

     Plaintiff,

vs.

MORTGAGE CALCULATOR
COMPANY LLC and
NICHOLAS HIERSCHE,

     Defendants.

                                  /

## RENEWED JOINT MOTION TO APPROVE FLSA SETTLEMENT AND STIPULATION OF DISMISSAL WITH PREJUDICE

Plaintiff, Nikki Chichi Godwin ("Plaintiff"), and Defendants, Mortgage Calculator Company LLC and Nicholas Hiersche (collectively, "Defendants"), by and through their respective undersigned counsel and pursuant to this Court's Order entered April 9, 2026 [ECF No. 12], hereby file this Joint Motion to Approve FLSA Settlement and Stipulation of Dismissal with Prejudice, as follows:

## PRELIMINARY STATEMENT

Plaintiff filed her Complaint on January 30, 2026, alleging that Defendants violated the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (the "FLSA"), by failing to pay her minimum wages and overtime wages for time worked during her employment as a Loan Officer from approximately February 28, 2024, through June 17, 2024. Plaintiff worked remotely from Colorado for Defendants' Florida-based mortgage brokerage company. The

Complaint also asserted related wage claims under Colorado state law, including the Colorado Wage Claim Act and the Colorado Minimum Wage Act. Defendants deny all of Plaintiff's allegations and deny that they owed Plaintiff any compensation. The parties have settled this dispute. The settlement of an FLSA case requires court approval or the approval of the U.S. Department of Labor. Here, there is no pending matter before the Department of Labor; consequently, the parties respectfully seek this Court's approval.

On April 3, 2026, the parties filed a Joint Notice of Settlement pursuant to S.D. Fla. Local Rule 16.4. On April 9, 2026, this Court entered an Order [ECF No. 12] directing the parties to file a joint stipulation of dismissal by May 8, 2026, including a motion for approval of the parties' settlement agreement pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). Following negotiations and an exchange of information, the parties wish to resolve these claims and obtain the Court's approval thereon. A true and correct copy of the parties' fully executed settlement agreement is attached hereto as Exhibit "A."

## LEGAL STANDARD FOR FLSA SETTLEMENT APPROVAL

Under *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), claims for unpaid wages arising under the FLSA may be settled or compromised only with the approval of the district court or under the supervision of the U.S. Department of Labor. *Id.* at 1352-53. The Eleventh Circuit adopted this rule to protect employees from being pressured into unfair settlements of their FLSA rights, which are non-waivable. *Id.* at 1353.

Because there is no pending matter before the Department of Labor here, the parties respectfully seek this Court's approval of their settlement agreement.

## A. Two Types of FLSA Settlements

Not all FLSA settlements require the same level of judicial scrutiny. Courts in this Circuit distinguish between two types of settlements: (1) compromise settlements, in which the employee receives less than the full amount claimed; and (2) full payment settlements, in which the employee receives full compensation for all claimed damages. *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1227 (M.D. Fla. 2009).

When a settlement involves a compromise of disputed claims, the district court must carefully review the proposed settlement to determine whether it represents "a reasonable compromise of disputed issues" and is "fair and reasonable." *Lynn's Food Stores*, 679 F.2d at 1353-54. In such cases, the Court's review ensures that the settlement reflects "a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute," rather than "a mere waiver of statutory rights brought about by an employer's overreaching." *Id.* at 1353.

By contrast, when the parties agree that the plaintiff will receive full compensation under the FLSA and the attorney's fees were negotiated separately, reduced scrutiny applies. As courts in this District have recognized, "[o]nce the parties have agreed that Plaintiff will receive every penny [he is] entitled to under FLSA and that compensation will not be diluted by attorneys['] fees or costs or other such provisions, the Court's review responsibilities under *Lynn's Food* are done." *Saunders v. Amplus Air Conditioning Contractor, Inc.*,

2020 WL 13615159, at \*1 (S.D. Fla. July 1, 2020) (citing *Mackenzie v. Kindred Hosps. East, LLC*, 276 F. Supp.2d 1211, 1217 (M.D. Fla. 2003)).

Here, the parties have reached a settlement of Plaintiff's disputed claims. Notably, Plaintiff's FLSA claim is not compromised — Plaintiff claimed $4,640.00 in unpaid FLSA minimum wages, and the $12,404.20 settlement represents nearly three times that amount. Accordingly, the primary issue before the Court is whether the settlement is fair and reasonable in light of the nature of the dispute, the risks and uncertainties of continued litigation, and whether the settlement reflects a bona fide compromise of the genuinely disputed claims.

## SETTLEMENT TERMS AND FAIRNESS ANALYSIS

The parties have agreed to settle Plaintiff's claims for a total payment of $25,000.00. Plaintiff will receive a net total of $12,404.20, which includes $9,202.10 in unpaid wages and $3,202.10 in compensatory damages. The remaining $12,595.80 will be paid to Plaintiff's current and former counsel as attorneys' fees and costs, comprising $11,695.80 to FairLaw Firm and $900.00 to Derek Smith Law Group, PLLC. To reach this resolution, the parties have analyzed various documentation related to Plaintiff's work performance for Defendants including email correspondence, mortgage documents related to the disputed loan transaction, and Plaintiff's employment agreement.

In determining whether a settlement is fair and reasonable, courts consider the following factors: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings

and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel. *Cotton v. Hinton*, 559 F.2d 1236, 1330 (5th Cir. 1977); *Morgan v. Public Storage*, 301 F. Supp. 3d 1237 (S.D. Fla. 2016). Each factor supports approval here.

**(1) *There Was No Fraud or Collusion.***

There was no fraud or collusion in this case. All parties were represented by experienced counsel in FLSA and wage-and-hour claims. The settlement is the product of arms-length negotiations following an exchange of employment records and a thorough analysis of Plaintiff's claims and Defendants' defenses.

**(2) *The Complexity, Expense, and Length of Litigation Support Early Resolution.***

The complexity, expense, and likely duration of litigation weigh heavily in favor of settlement. This case involves disputed issues of FLSA coverage, the applicability of the outside salesperson exemption under both federal and Colorado law, multi-state jurisdictional questions, contested commission calculations, compliance with Regulation Z, and alleged violations of the Truth in Lending Act. Plaintiff worked remotely from Colorado for a Florida-based employer for only 16 weeks, creating complex choice-of-law and damages issues. Protracted litigation would require extensive discovery, expert testimony on regulatory compliance, and potentially years to resolve, with costs likely exceeding any potential recovery. The proposed settlement avoids these expenses and preserves the resources of both parties and the Court.

**(3)** *The Parties Resolved This Case at the Appropriate Stage.*

The parties resolved this case after exchanging sufficient information to make an informed decision. Before settling, the parties reviewed various documentation related to Plaintiff's work performance for Defendants, as mentioned above. Counsel discussed the merits of Plaintiff's claims and Defendants' defenses on several occasions, over the course of several months. Based on these discussions and consultations with their clients, the parties determined that settlement was appropriate.

**(4)** *The Probability of Success on the Merits Supports Settlement.*

The parties fundamentally disagree about the merits of this case. Defendants contend that Plaintiff was an exempt outside salesperson under the FLSA and Colorado law, which would eliminate her entitlement to minimum wage and overtime. Defendants also assert that Plaintiff's handling of the disputed loan transaction violated Regulation Z, rendering the loan "non-covered" under company policy and forfeiting any commission. Plaintiff lacks complete time records, making proof of hours worked difficult. Given these substantial defenses and evidentiary challenges, Plaintiff faced genuine risk of recovering nothing under the FLSA. The settlement eliminates this uncertainty and guarantees a meaningful recovery.

**(5)** *The Range of Possible Recovery Supports Approval.*

The settlement reflects a reasonable compromise of disputed claims. In this case, Plaintiff's Statement of Claim sought a total of $26,273.00 in unpaid wages, comprised of three categories: (1) $4,640.00 in unpaid FLSA minimum wages for 640 hours worked at

the federal minimum wage rate of $7.25 per hour over 16 weeks (February 28, 2024 through June 17, 2024), plus an equal amount in FLSA liquidated damages; (2) $9,228.80 in unpaid Colorado minimum wages for the same period at $14.42 per hour under the Colorado Minimum Wage Act and the Colorado Overtime and Minimum Pay Standards Order, plus pre- and post-judgment interest; and (3) $12,404.20 in unpaid commissions, representing 80% of the $15,505.25 fee received by Defendants in connection with a mortgage loan transaction originated by Plaintiff, plus a statutory penalty of up to 200% of the unpaid amount for willful failure to pay. However, if Defendants prevailed on their exemption defense, Plaintiff would recover no minimum wages whatsoever. The settlement provides Plaintiff with $12,404.20 — the full amount of the disputed commission — while avoiding the risk of zero recovery and years of litigation.

**(6)** *Counsel Agree That the Settlement Is Fair.*

Counsel for all parties, experienced in FLSA litigation, agree that the settlement is fair and reasonable. Considering the short employment period, the disputed exemption status, the lack of complete time records, the complex regulatory compliance issues under Regulation Z and the Truth in Lending Act, and the potential for protracted litigation, the parties agree that their proposed settlement represents a fair and reasonable compromise of Plaintiff's claims and Defendants' defenses.

## IV. ATTORNEYS' FEES AND COSTS

The Settlement Agreement also includes $12,595.80 for Plaintiff's reasonable attorneys' fees and costs, comprising $11,695.80 to FairLaw Firm and $900.00 to Derek

Smith Law Group, PLLC. The attorneys' fees to be paid to Plaintiff's counsel were negotiated separately and without any impact on the wages and damages to be paid to Plaintiff, who is receiving $12,404.20 — the full value of her disputed unpaid commission, which nearly triples the amount of FLSA minimum wages claimed in this action — without compromise. The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (per curiam).

The parties further represent that the amount to be paid for Plaintiff's attorneys' fees through the settlement reflects a compromise, as a reduction in the fees actually incurred by Plaintiff, such that the fees to be paid are fair and reasonable. As of the filing of Plaintiff's Statement of Claim on February 14, 2026, FairLaw Firm had incurred fees totaling $10,930.50, consisting of work by Brian H. Pollock, Esq. ($635/hour × 1.6 hours), P. Brooks LaRou, Esq. ($450/hour × 20.1 hours), and paralegal Steffany Sanguino ($185/hour × 4.7 hours), plus $405.00 in costs. The settlement amount of $11,695.80 to FairLaw Firm represents a reduction from the actual fees and costs incurred. These fees are reasonable given the nature of the work performed, the rates charged, the results obtained, and the risks undertaken in prosecuting this case. The $900.00 allocation to Derek Smith Law Group, PLLC resolves the charging lien asserted by Plaintiff's former counsel for services rendered during the pre-suit stage.

Courts have held it unnecessary to inquire into the reasonableness of a plaintiff's attorneys' fees where, as here, both sides stipulated to the reasonableness of the fees, where the Plaintiff receives a fair recovery, and it is readily apparent that the fees and costs did not diminish the plaintiff's recovery. *See Bonetti v. Embarq Management Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. Aug. 4, 2009). The fee allocation is fair and reasonable and should be approved.

## **CONCLUSION**

The terms of the Settlement Agreement are contingent upon a finding by the Court that it approves the settlement as a fair and reasonable resolution of Plaintiff's FLSA and related claims. *Lynn's Food Stores*, 679 F.2d at 1353. Accordingly, the parties respectfully request that the Court: (1) review and approve the Settlement Agreement as a fair and reasonable resolution of this action; (2) approve the allocation of attorneys' fees and costs; (3) grant this Joint Motion; and (4) dismiss this action with prejudice, conditioned upon the Court retaining jurisdiction for a period of forty-five (45) days to enforce the terms of the parties' Settlement Agreement. *See Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1280 (11th Cir. 2012).

Respectfully submitted this 18th day of May 2026,

s/ Patrick Brooks LaRou
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
Patrick Brooks LaRou, Esq. (1039018)
brooks@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue, Suite 770
Coral Gables, Florida 33146
Telephone: (305) 230-4884
*Counsel for Plaintiff*

s/ Jorge Zamora, Jr.
Jorge Zamora, Jr., Esq. (94713)
jzamora@gunster.com
GUNSTER, YOAKLEY & STEWART, P.A.
600 Brickell Avenue, Suite 3500
Miami, Florida 33131
Telephone: (305) 376-6070
*Counsel for Defendants*